## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SHANE S. PEART,**

     **Plaintiff,**

**v.**                       **Case No. 8:23-cv-1527-CEH-AAS**

**STATE OF FLORIDA,**

     **Defendant.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Shane Peart, proceeding *pro se*, requests to proceed in forma pauperis. (Doc. 2). It is **RECOMMENDED** that Mr. Peart's motion be **DENIED**, and this action be dismissed with prejudice.

## I.    BACKGROUND

Mr. Peart is suing the State of Florida for being "wrongfully arrested and blamed for possesion [sic] and resisting arrest." (Doc. 1, p. 4). Mr. Peart alleges he spent the night in jail and was deprived his "freedom of movement and librity [sic]." (*Id.*). Mr. Peart requests $3,000,000 in damages. (*Id.*).

Mr. Peart asserts federal jurisdiction based on federal question. (*Id.,* p. 3). Specifically, Mr. Peart lists violations of 225 CFR § 11.404,[1] 18 USC § 1621,[2]

---

[1] This citation does not exist.

[2] This cites the criminal code for perjury, which cannot be enforced by Mr. Peart.

20 USC § 7943.[3] (*Id.*). These citations are either nonexistent or inapplicable. Because it appears Mr. Peart is attempting to raise claims for civil rights violations under 42 U.S.C. § 1983, the undersigned will address Mr. Peart's alleged civil rights violations.

## II.   DISCUSSION

Under 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed in forma pauperis is filed, the court must review the case and dismiss it sua sponte if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). While Mr. Peart's motion to proceed in forma pauperis demonstrates he is indigent, this court lacks subject matter jurisdiction as the sole defendant, the State of Florida, is immune from suit.

"Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986);

---

[3] This is the definitions section of Title 20, subpart 3, related to education and teacher liability protection.

*see Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("Sovereign immunity is the privilege of the sovereign not to be sued without its consent."). The Eleventh Amendment jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Florida has not waived its immunity from suit in federal civil rights actions. *See Gamble*, 779 F.2d at 1511; Fla. Stat. § 768.28(18) ("No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court . . ."). Moreover, while 42 U.S.C. § 1983 provides a federal forum to remedy many deprivations of civil liberties, "it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Mr. Peart brought his claim "directly against the State of Florida, which is not a proper defendant in a § 1983 action."[4] *VanBenthuysen v. Fla.*, 427 F. App'x 864, 866 (11th Cir. 2011). Accordingly, sovereign immunity in this instance has neither been abrogated by Congress nor waived by the State of Florida.

---

[4] In addition, Mr. Peart's § 1983 claim is likely barred by the applicable statute of limitations as it appears the incident occurred in 2016. *See VanBenthuysen*, 427 F. App'x at 866 (finding that the applicable statute of limitations period for a § 1983 action brought in a Florida is four years); Fla. Stat. § 95.11(3)(p).

As a result, the court recommends Mr. Peart's motion be denied. A "pro se plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice—at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (alterations and quotations omitted). Because Mr. Peart's cause of action is barred by sovereign immunity and most likely the statute of limitations, it would be futile for Mr. Peart to file an amended complaint.

## III.   CONCLUSION

Accordingly, it is **RECOMMENDED**:

1.   Mr. Peart's Motion to Proceed in Forma Pauperis (Doc. 2) be **DENIED**.

2.   Mr. Peart's complaint (Doc. 1) be **DISMISSED** with prejudice, and the Clerk be directed to **CLOSE** this case.

**ENTERED** in Tampa, Florida on July 13, 2023.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **<u>NOTICE TO PARTIES</u>**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:

Shane S. Peart
502 Maple Tree Way
Upper Malboro, MD 20774