# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHANE S. PEART,

    Plaintiff,

v.                                                    Case No: 8:23-cv-1527-CEH-AAS

STATE OF FLORIDA,

    Defendant.

_____

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Amanda A. Sansone on July 13, 2023 (Doc. 5). In the R&R, Magistrate Judge Sansone recommends that: (1) Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be denied and (2) the complaint (Doc. 1) be dismissed with prejudice, because Plaintiff's cause of action is barred by sovereign immunity (and likely the statute of limitations as well.) *Id.* at 3–5. Plaintiff was provided a copy of the Report and Recommendation and afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).

He timely objected, filing a "response" arguing that the State waived immunity by attempting to prosecute him for marijuana possession and resisting arrest. *See* Doc. 6. Upon consideration of the R&R, Plaintiff's objection, and the Court's independent examination of the file, the Court will overrule Plaintiff's objection, adopt the R&R,

deny Plaintiff's motion to proceed *in forma pauperis*, and dismiss the action without prejudice for lack of jurisdiction.

## I. LEGAL STANDARD

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## II. DISCUSSION

Plaintiff fails to substantively respond or object to any portion of the R&R. Instead, he states that "Defendant STATE OF FLORIDA claims immunity from being sued by private citizens yet attempted to sue plaintiff on allegations that I committed the crimes of Possession of Marijuana and Resisting arrest (see discovery)." Doc. 6 at 1. He goes on to respond that the State of Florida "waives exemption and company subjects itself to be sued. Which also proves jurisdiction and valid grounds

for Plaintiff to sue the state." *Id.* at 1–2. Although Plaintiff clearly disagrees with the R&R's conclusion that the State of Florida is immune from this suit, he cites no authority in support of his argument and the Court is not aware of any authority.

The Court instead agrees with and will adopt the R&R. As the Magistrate Judge concluded,

> "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health & Rehab. Servs.,* 779 F.2d 1509, 1511 (11th Cir. 1986); *see Virginia Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 253 (2011) ("Sovereign immunity is the privilege of the sovereign not to be sued without its consent."). The Eleventh Amendment jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).

Doc. 5 at 2–3.

Moreover, Florida has not waived its immunity from suit in federal civil rights actions. *See Gamble,* 779 F.2d at 1511; Fla. Stat. § 768.28(18) ("No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court . . ."). Moreover, while 42 U.S.C. § 1983 provides a federal forum to remedy many deprivations of civil liberties, "it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989). Plaintiff also brought his claim "directly against the State of Florida, which is not a proper defendant in a § 1983 action." *VanBenthuysen v. Fla.,* 427 F. App'x 864, 866 (11th Cir. 2011).

3

Therefore, since Plaintiff's cause of action is barred by sovereign immunity, the Court will dismiss it. Because the Court dismisses this action "based on sovereign immunity grounds, the jurisdictional nature of the dismissal requires it to be entered without prejudice." *Dupree v. Owens,* 92 F.4th 999, 1008 (11th Cir. 2024)

Accordingly, it is **ORDERED:**

1. Plaintiff Shane S. Peart's Objection to the Report and Recommendation (Doc. 6) is **OVERRULED**.

2. The Report and Recommendation entered by United States Magistrate Judge Amanda A. Sansone (Doc. 5) is **ADOPTED, CONFIRMED, AND APPROVED** in all respects, except that the action will be dismissed without prejudice. The R&R is otherwise made a part of this Order for all purposes, including appellate review.

3. Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED**.

4. This action is **DISMISSED without prejudice**.

5. The Clerk of Court is directed to terminate all motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties